UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV17-967 PSG DFM | Date | June 23, 2017 |
|---|---|---|---|
| Title | Thien Tran v. Anthony Nguyen | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**     **Order REMANDING Case to State Court**

     Before the Court is Plaintiff Thien Tran's ("Plaintiff") motion to remand this case to state court. Dkt. # 10. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving and opposing papers, the Court GRANTS the motion and REMANDS the case to state court..

     Defendant Anthony Nguyen ("Defendant") filed a notice of removal in this Court on June 6, 2017. *See* Dkt. # 1 ("NOR"). The NOR purports to remove Plaintiff's state court Request for a Civil Harassment Restraining Order, filed in Orange County Superior Court on May 15, 2014. *See id.* Based on the documents submitted in support of Plaintiff's motion, this appears to be Defendant's fourth attempt to remove this action to federal court.[1] As with all previous attempts, the NOR is incomprehensible, and both procedurally and substantively deficient.

     Federal courts are courts of limited jurisdiction. *See Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332. For federal question jurisdiction under 28 U.S.C. § 1331, the well-pleaded complaint rule requires a federal

---

     [1] Under Federal Rule of Evidence 201(b)(2), the Court may "judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." All the documents attached to Plaintiff's motion are public documents that can be verified through public sources. *See* Dkt. # 10, Exs. 1-6. Moreover, the parties do not question the accuracy of the documents. Thus, the Court takes judicial notice of these documents.

question to be evident from the face of the complaint. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

As noted in the previous orders remanding this case to state court, removal is improper because there is no basis for federal jurisdiction. *See* Dkt. #10, Exs. 3-5. Plaintiff brought a state court action in Orange County Superior Court seeking a restraining order against Defendant pursuant to Cal. Code Civ. P. 527.6 on May 15, 2014. *See NOR*. This is purely a matter of state law, and therefore, a federal question does not appear on the face of the Complaint. *See Rivet*, 522 U.S. at 475; 28 U.S.C. § 1331. Plaintiff's counterclaim asserting various violations of federal law, *see* Dkt. # 3, does not cure the problem because "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Further, because both Plaintiff and Defendant are California citizens, *see NOR* 12, there is no basis for invoking diversity jurisdiction. *See* 28 U.S.C. § 1332.

Additionally, the removal is procedurally deficient because Defendant has been on notice of Plaintiff's state court action since May of 2014. Therefore, more than 30 days have elapsed since Defendant received notice of the Complaint, precluding removal under 28 U.S.C. § 1446(b)(1), and Defendant has not shown that there has been "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable" under 28 U.S.C. § 1446(b)(3).

Accordingly, because this Court lacks subject matter jurisdiction over this case and the removal is procedurally deficient, Plaintiff's motion to remand is GRANTED. The Court REMANDS this action to state court and CLOSES the federal case.

**IT IS SO ORDERED**.[2]

---

[2] Because this action is remanded to state court, Defendant's motions to change venue, Dkts. ## 11, 14, Defendant's motion for order for having legal representative from military disabilities and elder persons, Dkt. # 15, as well as applications for pro se litigants to electronically file documents by cross-claimants Minh Nguyet Nguyen and Toan Thai, Dkts. ## 17, 18, are hereby RENDERED MOOT.